[721 NYS2d 99]

In the Matter of EDWARD MATTHEW KELLY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 26, 2001

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn, for petitioner.

*Gentile Brotman & Benjamin,* New York City (*Susan Brotman* of counsel), for respondent.

OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing one charge of professional misconduct. The Special Referee sustained the charge after a hearing. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to confirm in part and disaffirm in part the Special Referee's report and to impose no greater sanction than a public censure.

The charge alleges that the respondent is guilty of professional misconduct in that he pleaded guilty to engaging in conduct which constitutes a serious crime.

In May 1992, the respondent prepared and filed a 1991 individual United States income tax return for a friend. The return indicated that the friend's taxable income was $21,975, and that the amount of tax due and owing was $3,508. The respondent knew that his friend's taxable income was substantially in excess of the amount reported. On May 8, 1998, the respondent entered a plea of guilty to one count of attempting to evade or defeat tax in violation of 26 USC § 7201 and 18 USC §§ 2, 3551 *et seq.*

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (a) (4) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [7]). Based on the evidence adduced at the hearing, the Special Referee properly sustained so much of the charge as alleged violations of those sections of the Code of Professional Responsibility. Accordingly, the Grievance Committee's motion and the respondent's cross motion are granted to that extent.

In determining an appropriate measure of discipline to impose, the respondent asks us to consider that his act in preparing a friend's tax return as a favor was without payment and was unrelated to his practice of law. The respondent alleges that while he knew that the subject tax return did not state the full amount of his friend's income, he was not then aware of the amount of income which had not been reported. The respondent never intended to receive pecuniary gain. He has cooperated with the United States Attorney's office in every

regard. The respondent's reputation for honesty, integrity, compassion, and generosity is excellent. He has no prior disciplinary history.

Under the totality of circumstances, the respondent is censured for his professional misconduct.

BRACKEN, ACTING P. J., O'BRIEN, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the Grievance Committee's motion and the respondent's cross motion are granted to the extent that the charge is sustained with respect to Code of Professional Responsibility DR 1-102 (a) (4) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [7]); and it is further,

Ordered that the respondent, Edward Matthew Kelly, is censured for his professional misconduct.